IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,019-02






EX PARTE GERARDO FLORES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 24959 IN THE 217TH DISTRICT COURT


FROM ANGELINA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
capital murder and sentenced to imprisonment for life. The Ninth Court of Appeals affirmed his
convictions. Flores v. State, No. 09-05-00292-CR (Tex. App.-Beaumont 2007, pet. granted). 

 Applicant contends that trial and appellate counsel, T. Ryan Deaton, rendered ineffective
assistance because, among other things, he failed to: (1) challenge the factual and legal sufficiency
of the evidence on direct appeal; (2) present expert testimony from Dr. Harvey Kliman and Dr.
Robert Bux that would have shown that Applicant did not cause the death of the victims; (3) object
that Dr. David Todd was not qualified as an expert to testify in rebuttal about genetic abnormalities
that can result from trophoblastic inclusions in a placenta; and (4) object that Harold Cottle was not
qualified as an expert to testify about abusive relationships. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Mr. Deaton to respond to Applicant's ineffective assistance of counsel claims. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Mr. Deaton was deficient and, if so, whether his deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 20, 2010

Do not publish